```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                    SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

WILIE TUBBS,                          :
                                      :
    Plaintiff,                        :
                                      :
vs.                                   :   CIVIL ACTION 15-00534-CG-M
                                      :
CYNTHIA STEWART, et al.,              :
                                      :
    Defendants.                       :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, an Alabama prison inmate proceeding <u>pro se</u>, filed a complaint under 42 U.S.C. § 1983 and a Motion to Proceed without Prepayment of Fees Docs. (1,2).  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, and is before the Court for Plaintiff's failure to prosecute and to comply with the Court's Order.

    On November 12, 2015, Plaintiff was ordered to complete and file this Court's form for a complaint under 42 U.S.C. § 1983 not later than December 14, 2015 (Doc. 3).  On November 23, 2015, Plaintiff filed his amended complaint; however, Plaintiff failed to sign the amended complaint (Doc. 4).  The amended complaint was returned to Plaintiff, and Plaintiff was ordered to sign and return his signed amended complaint not later than December 31, 2015 (Doc. 5).  On December 4, 2016, Plaintiff filed a Motion to Amend his Complaint to add Willie Tubbs as a

defendant (Doc 7).  Plaintiff's Motion to Amend Complaint to add Willie Tubbs as a defendant was granted and Plaintiff was ordered to file an amended complaint not later than January 13, 2016 (Doc. 9).  On December 30, 2015, Plaintiff filed a Combined Motion for Extension of Time to Amend Complaint and for a Copy of his Original Complaint and Forms (Doc. 11).  Plaintiff's Motion was granted and the time for Plaintiff to file his amended complaint was extended to February 19, 2016.  In addition, the Clerk was ordered to send Plaintiff a copy of his complaint (Doc. 1), amended complaint (Doc. 8) and the requested form.  Plaintiff was warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action for failure to prosecute and to obey the Court's Order (Docs. 3, 5, 9, 12).  The Order and documents were mailed to Plaintiff at Fountain Correctional Facility, Fountain 3800, Atmore, Alabama 36503, his last known address.  To date, Plaintiff has not responded to the Court's Order, nor has the Order been returned as undeliverable. The Court finds that Plaintiff has abandoned prosecution of this action.

   Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule

41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's Order, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14)

days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 7(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 4th day of March, 2016.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE